IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

DAVID SILVER,

      Plaintiff,

v.                                                   No. Civ. 09-509 LH/RHS

WILLIAM J. ARLAND, III and RODEY
DICKASON SLOAN AKIN & ROBB, P.C.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court *sua sponte*, following its review of the Complaint filed by Plaintiff David Silver on May 26, 2009. Plaintiff alleges that both he and Defendants are citizens of New Mexico, that the amount in controversy exceeds $75,000, and that jurisdiction is based on 28 U.S.C. § 1331. Compl. (Doc. 1) ¶¶ 1-3. Plaintiff asserts three causes of action: violation of the terms of the settlement agreement, breach of contract, and slander. He claims damages from alleged defamatory statements made by Defendant William Arland to Reynold M. Sachs, a defendant in another federal case, *Silver v. Sachs*, No. Civ. 08-0041 RHS/DJS. Mr. Sachs allegedly said at a settlement conference in the *Sachs* case before the Honorable Judge Don J. Svet, "I have had numerous conversations with Bill Arland and he says that Silver is hiding money in Europe and that he makes his living suing people." *Id.* ¶ 6. Plaintiff alleges that Defendant Arland's statements to Mr. Sachs, which were repeated in the settlement conference, were untrue and weakened Plaintiff's desire and attempts to settle the case for a higher value.

Plaintiff further asserts that Defendant Arland's statements violated a settlement agreement in a separate case, *Northern Hills, Inc. v. Intent Media Works, Inc.*, No. Civ. 06-312 RCB/KMB.

Plaintiff alleges that the settlement agreement between Northern Hills, Inc. and Intent Media Works, Inc. ("IMW"), was authored by Defendant Rodey Dickason Sloan Akin and Robb, PC, ("Defendant Rodey") on behalf of IMW, and contained a Non-disparagement provision stating that the IMW parties agreed that neither they nor anyone else acting on their behalf, including their attorneys, will make any allegations of wrongful conduct against, or otherwise make disparaging, defamatory or derogatory comments to any third parties about any of the Silver Parties. *Id.* ¶ 8. Plaintiff asserts that the agreement provided that the non-disparagement provision would be enforceable "by a court of competent jurisdiction." *Id.* Neither Defendant in this case was a party in the prior lawsuits. *See id.* at 2, 7. Nor were the Defendants in this case signatories of the settlement agreements. *See id.* at 7-12.

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). If the parties thus do not raise the question of lack of jurisdiction, the court has a duty to determine the matter *sua sponte*. *Id.* A court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Id.*

Plaintiff asserts jurisdiction based on federal question jurisdiction. 28 U.S.C. § 1331 provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S.*

2

*Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986). The complaint must identify the statute or constitutional provision under which the claim arises as well as allege sufficient facts to show that the case does, indeed, arise under federal law. *Id.*

Other than asserting federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff does not identify in his complaint any underlying statute or constitutional provision under which his claims arise. Nor does the complaint suggest that any of the causes of action depend on the construction of any federal law. Instead, Plaintiff has merely alleged breach of contract and violation of a settlement agreement that arose from prior federal and state cases. Although Plaintiff alleges that Defendant Rodey represented IMW in the prior federal case, Defendant Rodey was not a defendant or a party in that prior case nor a signatory to the agreement between the parties, and thus, is not bound by the terms of the settlement agreement. Moreover, while Plaintiff is seeking damages stemming from a breach of that agreement, he is not seeking to enforce the terms of the agreement. Nor is there anything in the complaint or the record suggesting that the federal district court in the prior federal case reserved jurisdiction in the district court to enforce the settlement agreement. Plaintiff's causes of action thus all arise under state, not federal, law. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 381-82 (1994) (holding that enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and requires its own basis for jurisdiction, and thus, is no more than a contract action that does not, in itself, provide a federal question upon which jurisdiction may be based). Because Plaintiff's complaint fails to set forth sufficient facts to establish federal question jurisdiction, the Court lacks subject matter jurisdiction over this case and must dismiss the case without prejudice.[1]

---

[1] Plaintiff also failed to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, because he alleged that all parties are citizens of New Mexico.

**IT IS THEREFORE ORDERED** that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE